## THE ESCANABA.

(District Court, N. D. Illinois, N. D.   July 19, 1899.)

MARITIME LIENS—PRIORITY—CLAIMS FOR TORTS OF MASTER.

> The conversion by the master of goods shipped on a vessel constitutes a tort, and a claim therefor against the vessel is entitled to priority over liens for supplies furnished prior to the tort.[1]

On Distribution of Proceeds of the Escanaba after Sale in Admiralty.

Roger M. Lee and Harvey Lantz, for libelant.
C. E. Kremer, for respondent.

KOHLSAAT, District Judge. The only question to be decided herein is as to the priority of the claims of shippers for loss of goods by reason of the tort of the master, and of liens for supplies furnished prior to the happening of the tort. In this case the master converted the goods of intervening petitioners. I think there is no question but that this constituted a tort. I do not appreciate the contention that the action constituted a "quasi" tort, and not such a tort as is covered by the decision in The John G. Stevens, 170 U. S. 124, 18 Sup. Ct. 544. I am of the opinion that the distinction is too technical to be recognized as differentiating the principle laid down in the case of The John G. Stevens from the case at bar, although there are decisions recognizing the distinction in some connections. In view of the decisions in the following cases, to wit, The Quickstep, 9 Wall. 665; Norwich Co. v. Wright, 13 Wall. 122; The M. Vandercook, 24 Fed. 472; The Daisy Day, 40 Fed. 540; and The John G. Stevens, 170 U. S. 124, 18 Sup. Ct. 544,—I have no choice but to hold that the interveners, whose goods were tortiously converted by the master, should have their claims for the goods thus converted given preference over liens for supplies furnished prior to the tort. It is so ordered.

[1] As to liens for maritime torts, see note to The Anaces, 34 C. C. A. 565.